UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re: THE GUARDIANSHIP OF
OMANA THANKAMMA,

CASE NO. C19-1307 MJP

ORDER OF DISMISSAL: NO
SUBJECT MATTER JURISDICTION

[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.

Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

This matter was originally filed on August 19, 2019. Since its inception, the Court has had misgivings about whether jurisdiction existed, but awaited the service of the opposing parties and their appearance in the matter in hopes that the issue would be raised and addressed by briefing on both sides. While only Interested Party Channa Copeland has appeared via counsel to date, the Court feels that further delay would only do a disservice to all concerned.

Having reviewed the record thoroughly, including all pleadings, declarations, and exhibits which have been filed up to this date, the Court rules *sua sponte* as follows:

IT IS ORDERED that this matter is DISMISSED with prejudice for lack of subject matter jurisdiction.

**Background**

This litigation commenced with the filing of a motion for leave to proceed *in forma pauperis*, accompanied by a proposed Notice of Removal. Dkt. No. 1. The IFP motion was denied on September 10, 2019 (Dkt. No. 6); as of this date, no filing fee has been paid and it is the Court's intention that the filing of this *sua sponte* dismissal will prevent the filing parties from the further unnecessary expenditure of their funds.

A brief summary of the history of this litigation is in order:

Respondents are the children of Omana Thankamma and are citizens of India – Respondents reside in the United States; Omana, a resident of India, became disabled in 2014 while visiting in the U.S. In 2016, after suffering a stroke, she came under the full-time care of her son, Respondent Jayakrishnan. In 2018, following an investigation triggered by a suspected abuse report from a neighbor, Petitioner Department of Social and Health Services ("DSHS") removed Omana from the home and initiated guardianship proceedings. The proceedings resulted in a guardian (Interested Party Channa Copeland) being appointed for Omana[1], and a Vulnerable Adult Protection Order (VAPO) being entered against Respondent Jayakrishnan which, while it did not exclude him from visitation, forbade him to remove his mother from any facility.

All of the foregoing is the subject of a separate lawsuit: <u>Nair et al. v. Copeland et al.</u>, C19-1296MJP. The complaint in that matter is a lengthy, 143-page document containing a highly detailed factual background with allegations of abuse, neglect, harassment, retaliation and

---

[1] A review of the guardianship decree indicates that it was entered into by stipulation of all parties.

malfeasance on the part of Petitioners, culminating in 50 separate causes of action ranging from battery to racial discrimination to international treaty violations. C19-1296MJP, Dkt. No. 1-1.

The instant matter purports to be the "removal" to federal court of the guardianship petition which was entered in King County Superior Court on August 23, 2018. Dkt. No. 1-2. The removing parties (Jayakrishnan Nair and Rajakumari Susheelkumar) allege diversity jurisdiction, international treaty violations and deprivation of constitutional rights. Dkt. No. 1-1.

**Discussion**

The allegations of this lawsuit fall squarely within the Rooker-Feldman doctrine.

> The *Rooker-Feldman* doctrine states that federal courts, other than the Supreme Court, do not have jurisdiction to review decisions of state courts in civil cases. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). The doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). If the injury the Respondent complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). *Rooker-Feldman* is inapplicable, however, when the alleged injury is distinct from the judgment.

Johnson v. Orr, 551 F.3d 564, 567-68 (7th Cir. 2008).

The Johnson case is particularly applicable to the matter before the Court as the Plaintiff/Appellant in that case (1) also agreed to the imposition of the state court order which he later attempted to rescind in federal court and (2) also characterized the post-judgment conduct of which he complained as violations of his federal constitutional rights. The Seventh Circuit addressed both of those aspects of his complaint:

> It is of no consequence that Mr. Johnson's complaint does not challenge specifically the agreed order. Nor is it relevant that he has characterized his grievance as a civil rights claim. To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the *actual injury* claimed by the Respondent. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir. 2000) (looking to the substance of the Respondent's claim to determine whether *Rooker-Feldman* applies). "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Holt*, 408 F.3d at 336 (internal quotation marks and citation omitted). Mr. Johnson's injury-- the County's refusal to issue him a tax deed--was caused by the agreed order. He cannot avoid the *Rooker-Feldman* bar by alleging that he suffered this injury as a result of violations of his constitutional rights.

Id. at 568.

Respondents are in exactly the same posture. Everything of which they complain and which they are asking the federal court to redress springs from the imposition of the agreed-upon decree of guardianship. They, too, assert their injuries as violations of their constitutional rights and federal/international treaties.

Furthermore, it is entirely unclear to the Court what standing the Respondents have to "remove" this state court proceeding to federal court. They claim to be acting "on behalf of Omana Thankamma," but by virtue of the guardianship petition they no longer have any legal authority to act in her behalf. While they are unquestionably affected by the imposition of the guardianship, they are not parties to the proceeding in any sense that would grant them standing to remove this state court proceeding to federal court (even if it were not otherwise impermissible). It goes without saying that they have cited no legal authority for their ability to do so.

Respondent Jayakrishnan has argued in his other case that "Respondents are NOT herein appealing any decision by the State Court" (C19-1296MJP, Dkt. No. 19, Reply at 12), but all the alleged violations and injuries are the result of Omana's status under the guardianship decree – unquestionably the result of state court orders. Respondents further assert that "[t]he present petition to terminate the guardianship is a brand new action pursuant to RCW 11.88.140(3)" (id.), apparently missing the irony of invoking a state statute to justify their presence in federal court (not to mention that any attempt to terminate a state court order falls squarely within the Rooker-Feldman doctrine).

In seeking relief from the consequences of the decisions of the state court, Respondents have placed themselves outside the jurisdiction of the federal courts. It is immaterial that they have alleged a variety of constitutional violations and other federal law infringements; this court has no subject matter jurisdiction where the injury Respondents seek to redress derives from the actions of the state court. Additionally, there is no legal precedent or authority for the removal of a state guardianship proceeding to federal court. The remedy for the wrongs alleged by Respondents is in state court, not in the Western District of Washington.

On its own motion, this Court orders the matter DISMISSED with prejudice for lack of subject matter jurisdiction.

The clerk is ordered to provide copies of this order to Respondents and to all counsel.

Dated September 24, 2019.

Marsha J. Pechman
United States Senior District Judge