UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re: THE GUARDIANSHIP OF
OMANA THANKAMMA,

CASE NO. C19-1307 MJP

ORDER ON MOTION FOR
RECONSIDERATION

The above-entitled Court, having received and reviewed Respondents' Motion for Reconsideration (Dkt. No. 10), all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

1       Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.

      A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. Defenders of Wildlife v. Browner, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

      The Court dismissed the above-entitled matter *sua sponte* for lack of subject matter jurisdiction, citing the Rooker-Feldman doctrine, which prohibits federal courts (other than the Supreme Court) from reviewing the decisions of state courts in civil cases. *See* Exxon Mobil Corp. v. Saud Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). *See* Dkt. No. 8. The guardianship proceeding which Respondents attempted to "remove" to federal court arises from a state court order in a civil case; this Court is without jurisdiction to invalidate or in any other way revise that order.

Respondents strive to create federal jurisdiction by invoking international treaties and federal civil rights and alleging violations of same. It is of no avail. "[A] litigant may not attempt to circumvent the effect of <u>Rooker-Feldman</u> and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." <u>Holt v. Lake County Bd. of Comm'rs</u>, 408 F.3d 335, 336 (7th Cir. 2005)(internal quotation marks and citation omitted).

There is no disguising the fact that this lawsuit seeks to reverse the effects of a guardianship order entered by a state court. Respondents have presented neither new law nor new facts that alter the Court's analysis in that regard, and thus are not entitled to reconsideration of the order of dismissal.

The clerk is ordered to provide copies of this order to Respondents and to all counsel.

Dated October _3_, 2019

*[signature]*

Marsha J. Pechman
United States Senior District Judge